THE STATE, WILLIAM HILLMAN, PROSECUTOR, v. ISABELLA STANGER.

Where a judgment has been rendered in a justice's court, in favor of plaintiff, in an action of trespass *quare clausum fregit*, and it is made to appear that title to lands came in question before the justice, a *certiorari* will lie to review the judgment as one rendered without jurisdiction.

On *certiorari*.

Argued at June Term, 1886, before Justices SCUDDER and MAGIE.

For the prosecutor, *J. J. Crandall.*

For the defendant, *Howard J. Stanger.*

The opinion of the court was delivered by

MAGIE, J.  The judgment of a justice of the peace, in favor of the plaintiff, in an action of trespass *quare clausum fregit* has been removed here by this writ, and is attacked upon the ground that the justice had no jurisdiction to render the judgment.

What occurred before the justice appears by a state of the case agreed on by the attorneys of the respective parties.

It thus appears that there was no evidence that the plaintiff

was in actual possession of the *locus in quo*. The sole evidence of possession was the inference derived from a deed conveying the land to plaintiff, which deed she put in evidence.

At the close of plaintiff's case, defendant asked for the dismissal of the action for want of jurisdiction, on the ground that the title came in question. The motion was denied, and judgment rendered for plaintiff.

In this course the justice was clearly wrong. The use made of the deed in evidence involved a question of title. The justice was thus ousted of jurisdiction, and had no authority to render the judgment. *Messler* v. *Fleming*, 12 *Vroom* 108 ; *Jeffrey* v. *Owen*, 12 *Vroom* 260.

The only question of importance raised is whether the remedy for this error is not by appeal rather than by *certiorari*. That an appeal would lie is beyond doubt. *Messler* v. *Fleming, supra ; Jeffrey* v. *Owen, supra*. But this fact does not exclude the resort to a writ of *certiorari*. Such a writ is expressly permitted in all cases where the justice has no jurisdiction, and this has been construed to mean, not merely jurisdiction to entertain the action below, but jurisdiction to render the judgment. The remedies by appeal and by *certiorari* are therefore concurrent. *Ritter* v. *Kunkle*, 10 *Vroom* 259.

For the lack of jurisdiction to render this judgment, it must be reversed.  ·